UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DISTRICT

CITY OF OKOLONA, MISSISSIPPI                                      PLAINTIFF

V.                                                        CASE NO. 1:05CV109

OKOLONA, MISSISSIPPI DEMOCRATIC
EXECUTIVE COMMITTEE and OKOLONA,
MISSISSIPPI MUNICIPAL ELECTION COMMISSION                        DEFENDANTS

**ORDER**

This cause comes before the court upon the request of plaintiff City of Okolona, Mississippi that a three-judge panel be appointed to hear this case. On April 21, 2005, plaintiff filed this action seeking injunctive relief postponing municipal primary and general elections scheduled for May 3, 2005 and June 7, 2005, respectively. In its complaint, plaintiff requests that a three-judge panel be appointed pursuant to 28 U.S.C. § 2284(a), which provides that

> a) A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body.

Plaintiff argues, and correctly so in this court's view, that an "Act of Congress" requires the appointment of a three judge panel in this case. That is, plaintiff seeks relief under Section 5 of the Voting Rights Act of 1965, which plainly provides in pertinent part that

> [a]ny action under this section shall be heard and determined by a court of three judges in accordance with the provisions of section 2284 of Title 28 and any appeal shall lie to the Supreme Court.

*See* 42 U.S.C. § 1973c.

Once a request for a three-judge panel has been made, 28 U.S.C. § 2284(b)(1) provides that

"the judge to whom the request is presented shall, unless he determines that three judges are not required, immediately notify the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge." This court may only refuse a request for a three-judge panel where the claims raised in the complaint are "wholly insubstantial and completely without merit, such as where claims are frivolous, essentially fictitious, or determined by prior case law." *League of United Latin American Citizens (LULAC) of Texas v. State of Tex.*, 113 F.3d 53 (5th Cir. 1997).

Based upon the aforementioned authority, the court determines, and hereby notifies Chief Judge of the Fifth Circuit Court of Appeals Carolyn King, that the appointment of a three-judge panel is required in this case. The court requests that Judge King appoint such a panel in this case, whereupon this court will, as soon as practicable, arrange for a hearing to be held regarding plaintiff's request for injunctive relief.

This is the 22nd day of April, 2005.

      /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**